IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Hussain Shaffi, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | Case No: |
| | ) | |
| Leidos, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant | ) | September 3, 2024 |

Serve Defendant on:
The Corporation Trust, Inc.
2405 York Road, Suite 201
Lutherville Timonium, MD 21093-2264

**COMPLAINT**

**INTRODUCTION**

1. This is an action for monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to his national origin, religion and its unlawful retaliation against him after he complained about quality assurance problems in the workplace in violation of Section 1981 and 1983 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and § 1983 ("Section 1983")

2. Plaintiff Hussain Shaffi, was forced to resign from his position as a Quality Assurance Specialist at Leidos (hereinafter "the event") serving the National Laboratory for Cancer Research in Frederick, MD.

3. At all times mentioned herein, Leidos, Inc. and its subsidiary Leidos Biomedical Research, Inc. (hereinafter collectively "Defendant") employed executives that

supervised Plaintiff and subsequently interviewed Plaintiff for alternate positions with Defendant and its group of companies.

4. Shaffi, along with other employees, discovered loss of crucial COVID data in the performance of his duties and reported it to his supervisor.

5. At all times herein, Defendant knew or should have known of the conduct of its executives and supervisory employees.

6. Plaintiff's immediate supervisor Dr. Ligia A. Pinto exhibited hostility towards him during his employment after April 2023.

7. Pinto retaliated against Plaintiff like she did against others, by taking adverse action against him for exposing deletion of data dealing with COVID.

8. An adverse action is an action which would dissuade a reasonable employee from raising a concern about a possible violation or engaging in other related protected activity. Retaliation can have a negative impact on overall employee morale.

9. As a result of the discriminatory treatment, Plaintiff sustained extensive damages, including both physical ailments and emotional distress.

10. As a result, Plaintiff has been unable to secure alternate employment for the same salary, facing around a 30 (thirty) percent cut.

11. After his demotion, Plaintiff's work environment became unbearable and he sought medical accommodation pursuant to the Americans with Disabilities Act (ADA) and Section 503 of the Rehabilitation Act which was not taken seriously by Defendant's supervisors.

12. After seeking mitigation through interviewing for 4 (four) alternate positions within Leidos' group of companies which were denied, he was forced to resign.

13. From the beginning of his complaints, Defendant's practices were clearly unlawful.

14. Leidos' supervisor Dr. Pinto intentionally mocked his role in quality assurance and stated that position was unnecessary.

15. Like with Plaintiff Shaffi, his Leidos supervisor Dr. Pinto treats people of color differently than other individuals who work at Leidos.

## PARTIES

16. Plaintiff, Hussain Shaffi, is a resident of the Commonwealth of Virginia.

17. Defendant Leidos managed a contract at US government facilities in Maryland where Plaintiff worked and has availed itself in this District.

18. Defendant Leidos Biomedical research, Inc. employed Defendant as a contractor for the National Institutes of Health (NIH) in this District.

19. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants' employees were acting within the course and scope of their respective relationships with Defendant.

20. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").

21. Plaintiff has sought and received a Right to Sue letter from the EEOC.

## JURISDICTION AND VENUE

22. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question).

23. Venue is proper in the United States District Court of the District of Maryland pursuant to 28 U.S.C. § 1391(b)(1) as the District of Maryland is "a judicial district in which any

defendant resides" and the corporate "Defendant [is a] resident of the State in which the district is located."

24. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), as the District of Maryland is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"

## FACTUAL BACKGROUND

25. Plaintiff was employed by Defendant or one of its subsidiaries to provide quality assurance services at federal agencies in Maryland.

26. In consideration for his services, Shaffi earned a salary exceeding $100,000 per year.

27. Upon information and belief, Shaffi was a punctual and diligent employee, seeking compliance with quality assurance standards within the National Institutes of Health facilities in Maryland.

28. Representative Shaffi, a Muslim and Asian origin employee faced discrimination by Leidos supervisors, particularly Dr. Pinto.

29. As a result, Representative Shaffi suffered severe emotional distress, anxiety, depression and heart ailments.

30. In addition, Shaffi was unable to secure alternate employment although he was qualified for four other positions he applied at Leidos and its group of companies. These actions were a clear mistreatment of Shaffi and also affected his ability to mitigate the damage done to him.

31. Upon information and belief, Leidos has a history of mistreating employees of color, especially those of the Muslim faith.

## COUNT I

**42 U.S.C. § 1983**

32. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

33. From the initial assignment of "busy work" on needless spreadsheets, Defendant's supervisory employees subjected Plaintiff to treatment not afforded to other non-minority employees.

34. In many instances of conduct by Leidos employees, they have treated individuals of Asian background and of the Muslim faith like Plaintiff to a much lesser degree than in individuals of other religions and faiths.

35. Defendant failed to articulate deficiencies in Plaintiff's work performance justifying changes to inferior work roles.

36. As a result of Leidos' actions of discrimination against Plaintiff Shaffi, he suffered mental and physical injuries and loss of wages in an amount to be determined at trial.

**COUNT II**
**Retaliation in Violation of Section 1981**

37. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth.

38. Defendant violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Pinto's discriminatory comments on the basis of race and ethnicity, by effectively terminating Plaintiff's employment with the Company.

39. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic

damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

40. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

41. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. For compensatory, general, statutory, and special damages against Defendant in amounts to be proven at trial;

2. Punitive and exemplary damages against individually named Defendant in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

3. Lost wages and benefits, compensation for physical pain and mental suffering, and loss of career opportunities;

4. Prejudgment interest;

5. For costs of suit and reasonable attorneys' fees and costs as authorized by statute or law;

6. For restitution as the Court deems just and proper;

7. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

## JURY TRIAL DEMANDED

PLAINTIFF DEMANDS A JURY BY TRIAL ON ALL COUNTS.

Respectfully submitted,

_____/s/_____
Faisal Gill (Bar #28806)
Gill Law Firm
1717 Pennsylvania Ave NW Suite 1050
Washington DC 20006
310-418-6675
Fgill@glawoffice.com