IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HUSSAIN SHAFFI,
    *Plaintiff*,

v.

LEIDOS, INC., *et al.*,
    *Defendants*

Case No. 24-cv-2554-ABA

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hussain Shaffi brought this lawsuit against Defendants Leidos, Inc. and Leidos Biomedical Research, Inc. (collectively, "Defendants" or "Leidos") alleging violations of 42 U.S.C. §§ 1981 and 1983. *See* ECF 5 (amended complaint). Mr. Shaffi sought "compensatory, general, statutory, and special damages," attorney's fees and costs, and other relief. *Id.* at 10. In December 2024, Leidos filed a motion to dismiss the amended complaint. ECF No. 11. Plaintiff did not respond to the motion. *See* ECF No. 12 (Defendants' "Notice of Plaintiff's Failure to Respond to Defendants' Motion to Dismiss").

A plaintiff who does not respond to a motion to dismiss "has effectively conceded" the grounds for dismissal presented in the motion. *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016); s*ee also Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (district court is entitled to dismiss suit on the uncontroverted bases asserted in an unopposed motion to dismiss). Therefore, "for that reason alone" the complaint "is susceptible to dismissal." *Parker*, 179 F. Supp. 3d at 515.

"Of course," a court "'need not grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit.'" *Id.* (quoting *United*

*States v. Sasscer*, No. Y-97-3026, 2000 WL 1479154, at 2 n.6 (D. Md. Aug. 25, 2000)). But here, Defendants' motion to dismiss is not "plainly lacking in merit." *See id.* For example, as to Plaintiff's section 1983 claim, as Defendants point out, Plaintiff has failed to allege that Defendants were acting under color of law. ECF No. 11-1 at 5-6; *see also Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2018) ("To state a claim for relief under § 1983, plaintiffs must demonstrate that defendants' effort . . . was perpetrated under color of state law."). Accordingly, Count I of Plaintiff's complaint does not state a claim on which relief can be granted. As to Plaintiff's section 1981 claim for retaliation, as Defendants point out, regardless of whether the complaint alleges cognizable "protected activity," the complaint, even with the allegations accepted as true and all reasonable inferences drawn in Plaintiff's favor, does not allege facts that would give rise to a claim for constructive discharge, which is the only potential theory of adverse action given that Plaintiff concedes that he resigned and was not terminated. *See* ECF No. 5 ¶ 2; *see, e.g., Decoster v. Becerra*, 119 F.4th 332, 339-40 (4th Cir. 2024) (explaining the legal standard for "constructive discharge premised on a hostile work environment").

## CONCLUSION AND ORDER

For the reasons stated above, Defendants' motion to dismiss, ECF No. 11, is GRANTED. The complaint is DISMISSED without prejudice. The Clerk is directed to CLOSE this case.

Date: May 12, 2025

/s/
Adam B. Abelson
United States District Judge